```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF TEXAS
                        TYLER DIVISION

UNITED STATES OF AMERICA    )
                            )   DOCKET NO. 6:02cr83(1)(2)
    -vs-                    )
                            )   Tyler, Texas
TOMMY LYNN JOHNSON          )   10:00 a.m.
REISA LYNN PETTIETTE        )   February 14, 2003
```

TRANSCRIPT OF HEARING ON SECOND SUPERSEDING INDICTMENT
BEFORE THE HONORABLE HARRY W. McKEE,
UNITED STATES MAGISTRATE JUDGE

A P P E A R A N C E S

| | |
|---|---|
| FOR THE GOVERNMENT: | MS. MARY ANN COZBY<br>ASSISTANT U.S. ATTORNEY<br>110 North College, No. 700<br>Tyler, Texas 75702 |
| FOR TOMMY JOHNSON: | MR. GREGORY WALDRON<br>FEDERAL PUBLIC DEFENDER'S OFFICE<br>200 E. Ferguson, #407<br>Tyler, Texas 75702 |
| FOR REISA PETTIETTE: | MR. DONALD KILLINGSWORTH<br>ATTORNEY AT LAW<br>111 N. Spring<br>Tyler, Texas 75702 |
| RECORDER OPERATOR: | MS. LINDA PRITCHARD<br>211 W. Ferguson<br>Tyler, Texas 75702 |
| TRANSCRIBER: | MS. SHEA SLOAN<br>211 West Ferguson<br>Tyler, Texas 75702<br>903/590-1176 |

Proceedings taken by Electronic Sound Recording; transcript was produced by a Transcriber.

```
 1                    P R O C E E D I N G S
 2           THE COURT:  Please be seated.
 3           We've got United States of America vs. Tommy Lynn
 4   Johnson and Reisa Lynn -- is that Pettiette?
 5           MR. KILLINGSWORTH:  Pettiette, Your Honor.  Yes,
 6   sir.
 7           THE COURT:  Criminal No. 6:02cr83.
 8           Do you want to step forward, Ms. Pettiette?  Let me
 9   advise -- you've been here before.  There's been a Second
10   Superseding Indictment.  So let me advise you of what rights
11   you have.  You have heard these rights before.  You have the
12   right to remain silent.  You don't have to make any statement
13   to any law enforcement officer.  If you do make a statement to
14   a law enforcement officer, you can stop making that statement
15   at any time and that statement can and may be used against you
16   in all subsequent proceedings.  You also have the right to
17   have your attorney present with you at all times.  Do you
18   understand?
19           MR. JOHNSON:  Yes, sir.
20           MS. PETTIETTE:  Yes, sir.
21           THE COURT:  You also have the right to an attorney.
22   You both requested attorneys in the past and you have
23   attorneys.  If for some reason something happens in the future
24   and you want a new attorney or whatever, you have to request
25   one and let me know and we will go ahead and hold a hearing
```

1  and find out what the problem is and take care of the problem.
2        Mr. Johnson, are you satisfied with the services of
3  your attorney thus far?
4        MR. JOHNSON: Yes, sir.
5        THE COURT: Ms. Pettiette, are you satisfied with
6  the services of your attorney so far?
7        MS. PETTIETTE: Yes, sir.
8        THE COURT: The next order of business is your
9  arraignment on the Second Superseding Indictment. Ordinarily,
10 a Superseding Indictment is to clear up some technicalities
11 that are in the prior Indictment, usually a misspelling or
12 something like that. Is that what this is?
13       MS. COZBY: Well, Your Honor, we did add three new
14 charges which are --
15       THE COURT: Well, sometimes the Government will do
16 that too.
17       MS. COZBY: And there is one new overt act to Counts
18 1 and 2.
19       THE COURT: Overt act? All right.
20       MS. COZBY: Which will be the --
21       THE COURT: We'll go through the entire Second
22 Superseding Indictment then just to make sure that you are
23 fully advised of all the charges the Government has against
24 you.
25       We'll go ahead first with you, Mr. Johnson. You are

1 listed first in the Indictment. Have you received a copy of
2 the -- I'm going to have you put under oath. Do you want to
3 raise your right hand?
4    (Defendants Johnson and Pettiette sworn.)
5    THE COURT: Ms. Pettiette, I noticed you raised your
6 right hand. You also swore to tell the truth, so it won't be
7 necessary to put you under oath when your turn comes.
8    Mr. Johnson, have you received a copy of the Second
9 Superseding Indictment?
10    MR. JOHNSON: Yes, sir.
11    THE COURT: Have you had an opportunity to read it?
12    MR. JOHNSON: Yes, sir.
13    THE COURT: How far did you go in school?
14    MR. JOHNSON: Two years of college.
15    THE COURT: You never had any problem reading the
16 Second Superseding Indictment then?
17    MR. JOHNSON: No, sir.
18    THE COURT: Have you had an opportunity to go over
19 it with your attorney?
20    MR. JOHNSON: Yes, sir.
21    THE COURT: Has your attorney explained to you what
22 you've been charged with?
23    MR. JOHNSON: Yes, sir.
24    THE COURT: Has your attorney explained to you what
25 the penalties are if you're convicted of the charges in the

```
 1  Second Superseding Indictment?
 2          MR. JOHNSON:  Yes, sir.
 3          THE COURT:  Mr. Waldron, do you know of any reason
 4  why your client does not possess the necessary mental
 5  requisite to understand the charges that have been brought
 6  against him and to aid in his own defense?
 7          MR. WALDRON:  No, Your Honor.
 8          THE COURT:  Ms. Pettiette, have you received a copy
 9  of the Indictment?
10          MS. PETTIETTE:  Yes, sir.
11          THE COURT:  How far did you go in school?
12          MS. PETTIETTE:  Two years of college.
13          THE COURT:  You don't have any trouble reading the
14  Indictment then?
15          MS. PETTIETTE:  No, sir.
16          THE COURT:  Have you had an opportunity to read it?
17          MS. PETTIETTE:  Yes.
18          THE COURT:  Have you had an opportunity to go over
19  it with your attorney?
20          MS. PETTIETTE:  Yes, sir.
21          THE COURT:  Has your attorney explained to you what
22  you've been charged with?
23          MS. PETTIETTE:  Yes.
24          THE COURT:  Has your attorney explained to you what
25  the penalties are if you're convicted of the charges in the
```

```
 1  Second Superseding Indictment?
 2       MS. PETTIETTE:  Yes, sir.
 3       THE COURT:  Mr. Killingsworth, do you know of any
 4  reason why your client does not possess the necessary mental
 5  requisite to understand the charges that have been brought
 6  against her and to aid in her own defense?
 7       MR. KILLINGSWORTH:  No, Your Honor.
 8       THE COURT:  All right.  I'm going to have the United
 9  States Attorney read the Second Superseding Indictment to you
10  at this time.
11       MR. WALDRON:  Your Honor, I've gone over the Second
12  Superseding Indictment with Mr. Johnson in detail.  I believe
13  he does understand the nature of the charges.  He's read it
14  also.  We would at this time waive the reading of the
15  Indictment and enter our plea of not guilty.
16       THE COURT:  Okay.  Mr. Johnson, you're entitled to
17  have the Government lawyer read the Second Superseding
18  Indictment to you in open court, and that's what we are going
19  to do now.  Your attorney says you want to waive or give up
20  that right.  What do you want to do?
21       MR. JOHNSON:  I'd like to waive it.
22       THE COURT:  All right.  Go ahead and read the Second
23  Superseding Indictment for Ms. Pettiette then.
24       MR. KILLINGSWORTH:  Your Honor, if we may, I have
25  gone over the Second Superseding Indictment with Ms.
```

```
 1  Pettiette.  She understands the nature of the accusations
 2  against her and we would ask the Court to permit waiving the
 3  reading of the Indictment at this time and enter a plea of not
 4  guilty.
 5           THE COURT:  Ms. Pettiette, you're also entitled to
 6  have the Government lawyer read the Indictment to you in open
 7  court, the Second Superseding Indictment.  Your lawyer says
 8  you want to waive or give up that right.  What do you want to
 9  do?
10           MS. PETTIETTE:  Waive it.
11           THE COURT:  That's what we'll do then.  All right.
12  Mr. Johnson, you're charged in Count 1 with a conspiracy to
13  manufacture, distribute and possess with intent to distribute
14  methamphetamine.  If you're convicted of Count 1, if it's
15  fifty grams or more of a detectable amount of methamphetamine,
16  it's not less than five years nor more than forty years in a
17  federal penitentiary, together with a term of supervised
18  release and a monetary fine.  If it's less than fifty grams of
19  a detectable amount of methamphetamine, it's not more than
20  twenty years in a federal penitentiary, together with a
21  monetary fine and a term of supervised release.  How do you
22  plead to Count 1?
23           MR. JOHNSON:  Not guilty.
24           THE COURT:  All right.  You're also charged in Count
25  2 with a conspiracy to possess a List 1 chemical known to be
```

```
 1  used to manufacture a controlled substance, specifically
 2  methamphetamine.  If you're convicted of Count 2, it's a term
 3  of imprisonment of not more than twenty years.  All of these
 4  penalties also carry a fine, monetary fine and a term of
 5  supervised release.  How do you plead to Count 2?
 6              MR. JOHNSON:  Not guilty.
 7              THE COURT:  You're also charged in Count 3 with
 8  possession of a List 1 chemical.  If you're convicted of Count
 9  3, that carries a term of imprisonment of not more than twenty
10  years, together with the usual monetary fine.  How do you
11  plead to Count 3?
12              MR. JOHNSON:  Not guilty.
13              THE COURT:  Count 4, you're charged with possession
14  of a List 1 chemical.  That similarly carries a penalty of not
15  more than twenty years imprisonment, together with a fine and
16  supervised release.  How do you plead to Count 4?
17              MR. JOHNSON:  Not guilty.
18              THE COURT:  Count 5, you're charged with carrying
19  and possession of a firearm during and in the furtherance of a
20  drug trafficking crime.  If you're convicted of Count 5, the
21  penalty is a term of imprisonment for five years, which must
22  be served consecutively to any other term of imprisonment. How
23  do you plead to Count 5?
24              MR. JOHNSON:  Not guilty.
25              THE COURT:  You're charged in Count 6 with
```

1    possession of a List 1 chemical. That carries a similar
2    penalty of not more than twenty years imprisonment. How do
3    you plead to Count 6?
4           MR. JOHNSON: Not guilty.
5           THE COURT: And in Count 7 you're charged with
6    possession of a List 1 chemical and that carries a similar
7    penalty of not more than twenty years imprisonment. How do
8    you plead to Count 7?
9           MR. JOHNSON: Not guilty.
10          THE COURT: Count 8, you're charged with possession
11   of an unregistered firearm, that is, a shotgun that has a
12   barrel length less than required. If you're convicted of
13   Count 8, the penalty is a fine and a term of imprisonment for
14   not more than ten years or both and a term of supervised
15   release. How do you plead to Count 8?
16          MR. JOHNSON: Not guilty.
17          THE COURT: And in Count 9 you're charged with use
18   and possession of a firearm during and in furtherance of a
19   drug trafficking crime. If you're convicted of Count 9, a
20   term of imprisonment for ten years, which is consecutive to
21   any other term of imprisonment that you might receive. How do
22   you plead to Count 9?
23          MR. JOHNSON: Not guilty.
24          THE COURT: And then in Count 10 there is a
25   forfeiture provision where the Government seeks to have

1 criminal forfeiture, that is, they want to take possession and
2 ownership of certain items, specifically the two weapons, that
3 is, an automatic pistol and the twelve-gauge shotgun. I am
4 going to accept your plea of not guilty to Counts 1, 2, 3, 4,
5 5, 6, 7, 8, 9, and as has been before, this case is set for
6 jury selection and trial March 18, 2003 at 9:00 a.m. before
7 Judge Davis and the final pretrial conference on March 10th at
8 2:30. And the date for a plea, change of plea, is March 6,
9 2003.

10         Ms. Pettiette, you're charged in Count 1 with a
11 conspiracy to manufacture, distribute and possess
12 methamphetamine. If you're convicted of Count 1 and it's 50
13 grams or more, the penalty is not less than five years nor
14 more than forty years in the federal penitentiary, together
15 with a monetary fine and a term of supervised release. If
16 it's less than 50 grams of a detectable amount of
17 methamphetamine, it's not more than twenty years in a federal
18 penitentiary, together with a monetary fine and a term of
19 supervised release. All of these counts, part of the penalty
20 is a monetary fine and a term of supervised release.

21         You're also charged in Count 2. How do you plead to
22 Count 1?

23         MS. PETTIETTE: Not guilty.

24         THE COURT: You're also charged in Count 2 with a
25 conspiracy to possess a chemical known and used to manufacture

1  a controlled substance. If you're convicted of Count 2, it's
2  not more than twenty years imprisonment, together with a
3  monetary fine and a term of supervised release. How do you
4  plead to Count 2?
5           MS. PETTIETTE: Not guilty.
6           THE COURT: You're charged in Count 6 with
7  possession of a List 1 chemical and that carries a term of
8  imprisonment of not more than twenty years, together with a
9  monetary fine and a term of supervised release. How do you
10 plead to Count 6?
11          MS. PETTIETTE: Not guilty.
12          THE COURT: And you're charged in Count 7 with
13 possession of a List 1 chemical. That carries a similar
14 penalty of not more than twenty years imprisonment, together
15 with a monetary fine and a term of supervised release. How do
16 you plead to Count 7?
17          MS. PETTIETTE: Not guilty.
18          THE COURT: Count 8, you're charged with possession
19 of an unregistered firearm, specifically a twelve-gauge
20 shotgun which has a barrel length less than required length.
21 If you're convicted of Count 8, the penalty is a fine, a term
22 of imprisonment for not more than ten years, together with a
23 term of supervised release. How do you plead to Count 8?
24          MS. PETTIETTE: Not guilty.
25          THE COURT: And, finally, in Count 9 you're charged

1  with carrying and possession of a firearm during and in
2  furtherance of a drug trafficking offense.  If you're
3  convicted of Count 9, the term of imprisonment is ten years,
4  which must be served consecutively to any other term of
5  imprisonment, together with a monetary fine and a term of
6  supervised release.  How do you plead to Count 9?
7         MS. PETTIETTE:  I accept your plea of not guilty to
8  Counts 1, 2, 6, 7, 8 and 9.  Also, there's a forfeiture
9  provision where the Government seeks to forfeit your title to
10 the two firearms, the semi-automatic pistol and the
11 twelve-gauge shotgun.
12        I accept your plea of not guilty and set the case
13 for jury selection, as has previously been set, for March 18,
14 2003 at 9:00 a.m.  The final pretrial conference is March 10th
15 at 2:30.  The last day for a change of plea of March 6, 2003.
16        How has Mr. Johnson been doing on terms of
17 supervised release?
18        MS. SAVOIE:  Your Honor, Mr. Johnson has submitted
19 positive urine tests for methamphetamine, but a violation
20 letter was submitted to Judge Davis.  He agreed to Mr. Johnson
21 being placed in a random drug testing program as a sanction.
22 So at this time I would recommend he be continued on his same
23 bond and conditions of release.
24        THE COURT:  What about Ms. Pettiette?  How has she
25 been doing on her conditions of release?

1            MS. SAVOIE:  That would be the same in reference to
2   Ms. Pettiette.
3            THE COURT:  She also had a positive?
4            MS. SAVOIE:  She has also submitted positive urine
5   tests for methamphetamine.
6            THE COURT:  And any action has been deferred pending
7   her being in a drug treatment program?
8            MS. SAVOIE:  Yes, Your Honor.  She's been placed in
9   a random drug testing program.
10           THE COURT:  All right.  Let me address both of you.
11  Now, you were both supposed to be here yesterday for a court
12  proceeding and you both called or one of you called and said
13  you were not going to be able to make it.
14           Let me advise you of something.  You're facing very
15  serious charges with very serious penalties.  It's a very
16  serious matter.  If you feel that you're unable to come to
17  court, for whatever reason, the next time that happens a
18  Marshal will be sent to arrest you, you will be brought to
19  Court in the custody of the Marshal and at that time I will
20  review your conditions of release to see whether they should
21  be continued or they should be changed, modified, up to and
22  including detention.  Detention means put in jail pending
23  trial.  Now, that means you lose your freedom prior to being
24  convicted.  That means you won't go back to wherever you were
25  before.  You will stay here in Tyler in jail.

1          Now, it's very serious when you have a court date
2  here.  We expect you to be here.  If you are not able to be
3  here, a Marshal will arrange it for you to be here, and I can
4  assure you the Marshal can arrange you to be here.  We do that
5  when people feel for one reason or another that they can't
6  come to court, the Marshal arranges transportation.  And
7  that's what the Marshal does for a living.  I just want to
8  make sure you understand that.
9          Other things in life are important.  This is
10 important also.  You are going to trial March 18th.  If you
11 don't want to go to trial, you're going to go to trial.  It
12 doesn't make any difference.
13         We give precedence to criminal trials, criminal
14 cases in this district.  They take precedence over everything
15 else.  Your case, your criminal case, is one of the most
16 important cases we have pending here in Tyler.  It will get
17 the utmost attention of everyone.  That includes all the
18 Judges, the Marshal, the United States Attorney and your
19 attorneys and we expect you also to give it your full
20 attention.  If you don't think it warrants your full
21 attention, the Marshal will make sure that you are here and
22 give it your attention.
23         Do I make myself clear, Mr. Johnson?
24         MR. JOHNSON:  Yes, sir.
25         THE COURT:  Ms. Pettiette, do I make myself clear?

```
 1              MS. PETTIETTE:  Yes, sir.
 2              THE COURT:  Do you need any further explanation why
 3    it's necessary for you to be here?
 4              MR. JOHNSON:  No, sir.
 5              THE COURT:  Ms. Pettiette?
 6              MS. PETTIETTE:  No, sir.
 7              THE COURT:  Now, in regard to the testing positive
 8    for illegal use of narcotics, you both tested positive.
 9    Several things could happen.  One is based upon that you could
10    be incarcerated.  That is, you could have your conditions of
11    release revoked and just detained, put in jail.  What has been
12    decided to do is give you another chance.  There comes a time
13    when you don't get any more chances.  You're about to that
14    time.
15              If you continue to use drugs, you'll test positive.
16    That is, the way they have the testing set up, and you've
17    found that out now, they will determine if you are using
18    illegal drugs and you will be brought back in either
19    voluntarily or in the custody of the Marshal and we will
20    review and see whether your conditions of release should be
21    changed, modified, or revoked and detained permanently within
22    the custody of the Marshal.  And that way there won't be any
23    problem with you using illegal drugs in the future because you
24    will be in jail.  You won't have that choice because you will
25    be in jail.
```

```
 1            Do you have any questions, Mr. Johnson?
 2            MR. JOHNSON:  No, sir.
 3            THE COURT:  Have I made myself clear?
 4            MR. JOHNSON:  Yes, sir.
 5            THE COURT:  Ms. Pettiette, have I made myself clear?
 6            MS. PETTIETTE:  Yes, sir.
 7            THE COURT:  Do you have any questions?
 8            MS. PETTIETTE:  No, sir.
 9            THE COURT:  All right.  Mr. Johnson, do you promise
10   me if I continue you on your conditions of release you are
11   going to be here for your final pretrial conference March 10th
12   and you're going to be here for jury selection and trial March
13   18th?
14            MR. JOHNSON:  Yes, sir.
15            THE COURT:  Ms. Pettiette, do you also promise me
16   that you are going to be here in Tyler on March 10th for your
17   final pretrial conference and for jury selection March 18th?
18            MS. PETTIETTE:  Yes, sir.
19            THE COURT:  All right.  Is there anything further
20   from the Government?
21            MS. COZBY:  No, Your Honor.
22          (Hearing adjourned at 10:24 a.m.)
23
24
25
```

```
 1                      C E R T I F I C A T I O N
 2
 3    I certify that the foregoing is a correct transcript from the
 4    electronic proceedings in the above-entitled matter.
 5
 6
 7    _____  11/25/04
 8    SHEA SLOAN, CSR, RPR
      OFFICIAL COURT REPORTER
 9    STATE OF TEXAS NO. 3081
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```