United States Court of Appeals
Fifth Circuit

**F I L E D**

December 1, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————————

No. 03-41068
Summary Calendar

—————————————

U.S. DISTRICT
EASTERN DISTRICT

DEC 1 9 2005

DAVID J. MALAND, CLERK
BY
DEPUTY

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TOMMY LYNN JOHNSON; REISA LYNN PETTIETTE,

Defendants-Appellants.

--------------------

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:02-CR-83-1

--------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This court affirmed the convictions and sentences of Tommy
Lynn Johnson and Reisa Lynn Pettiette. United States v. Johnson,
No. 03-41068 (5th Cir. Aug. 3, 2004) (unpublished). The Supreme
Court vacated and remanded for further consideration in light of
United States v. Booker, 125 S. Ct. 738 (2005). See Johnson v.
United States, 125 S. Ct. 1090 (2005); Pettiette v. United States,

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

125 S. Ct. 1093 (2005). We requested and received supplemental letter briefs addressing the impact of Booker.

Pettiette argues that we should vacate her convictions and sentences and remand her case to the district court for a new trial because the Supreme Court's remand order, by vacating our affirmance of her convictions and sentences, also vacated the district court's judgment against her. Following the grant of certiorari, this case was remanded to this court "for further consideration in light of United States v. Booker." Pettiette, 125 S. Ct. at 1093. When a case is remanded to this court from the Supreme Court in limited terms, we must confine our review to matters within those limitations. "Except that which we are mandated to review, our previous rulings are the law of the case and will not now be reconsidered." Gradsky v. United States, 376 F.2d 993, 996 (5th Cir. 1967). This issue is without merit.

Alternatively, Pettiette argues that she is entitled to resentencing because the district court enhanced her sentence based on judge-found facts in violation of the Sixth Amendment. She acknowledges that she did not raise an objection based upon Booker or Blakely v. Washington, 542 U.S. 296 (2004), prior to her earlier petition for rehearing in this court. We do not consider Booker claims raised for the first time in a petition for rehearing absent extraordinary circumstances. United States v. Hernandez-Gonzalez, 405 F.3d 260, 261 (5th Cir. 2005), cert. denied, --- U.S. ----, 126 S. Ct. 202 (2005).

Pettiette "points to no remarks made by the sentencing judge that raise a reasonable probability that the judge would have imposed a different sentence under an advisory scheme." Id. at 262; see also United States v. Mares, 402 F.3d 511, 521-22 (5th Cir. 2005), cert. denied, --- U.S. ----, 126 S. Ct. 43 (2005). Accordingly, she has not shown that her sentence is plainly erroneous. See Hernandez-Gonzalez, 405 F.3d at 262. Because she has not demonstrated plain error, the more demanding standard for extraordinary circumstances cannot be met. See id.

Johnson argues that he is entitled to resentencing because the district court enhanced his sentence based upon judge-found facts in violation of the Sixth Amendment. He acknowledges that he did not raise an objection based upon Booker or Blakely prior to his earlier petition for rehearing. While the sentencing court arguably committed plain error, Johnson has not shown "a possibility of injustice so grave as to warrant disregard of usual procedural rules." United States v. Ogle, 415 F.3d 382, 384 (5th Cir. 2005) (quotation omitted). Accordingly, he has not met the standard for extraordinary circumstances. See id.

Johnson further argues that Booker allows for the imposition of a lesser sentence than the 25-year consecutive statutory minimum sentence he received for his conviction on the second count of possession of a firearm during the commission of a drug trafficking offense. He maintains that Booker allows for the imposition of a lesser sentence because there is not a strong connection between

his real conduct and the severe sentence he received.   Citing United States v. Harris, 397 F.3d 404, 413-14 (6th Cir. 2005), he further asserts that he should not be subject to the 25-year minimum sentence under Booker because the jury did not find all of the elements necessary for the imposition of that sentence.

The jury convicted Johnson of two counts of possession of a firearm during the commission of a drug trafficking offense and the district court sentenced Johnson to the statutory minimum sentences on those counts.   Nothing in Booker allows a district court to impose a sentence below the statutory minimum.   See Booker, 125 S. Ct. at 746-69.   The Sixth Circuit's decision in Harris is not applicable to this case because it addressed the impact of Booker on sentences under 18 U.S.C. § 924(c)(1)(B)(i), while Johnson was sentenced to the statutory minimum sentence of 25 years of imprisonment under 18 U.S.C. § 924(c)(1)(C)(i).   The only required element of 18 U.S.C. § 924(c)(1)(C)(i) that the jury did not find was the fact of Johnson's prior conviction, and Booker does not prohibit the enhancement of sentences on this basis.   See Booker, 125 S. Ct. at 756; United States v. Guevara, 408 F.3d 252, 261 (5th Cir. 2005).

Johnson's and Pettiette's convictions are AFFIRMED for the reasons stated in our initial opinion.   For the reasons set forth in this opinion on remand, their sentences are also AFFIRMED.

A true copy
Test

Clerk, U. S. Court of Appeals, Fifth Circuit

By

Deputy  DEC 0 1 2005

New Orleans, Louisiana